**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel VARGAS–RAMIREZ,**
**Defendant–Appellant.**

No. 12–16458
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 8, 2013.

Uchenna Ekuma–Nkama, Lawrence R. Sommerfeld, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Richard Holcomb, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Vargas–Ramirez appeals his sentence of 33 months of imprisonment following his plea of guilty to reentering the United States after being deported. 8 U.S.C. § 1326(a), (b)(2). Vargas–Ramirez argues that his sentence is unreasonable. We affirm.

Vargas–Ramirez's sentence is reasonable. Vargas–Ramirez had an extensive criminal history that included six prior

convictions for driving under the influence, shoplifting, fleeing to elude a police officer, and various traffic offenses. And Vargas–Ramirez had been removed three times from the United States when officers discovered him again driving under the influence. The district court found "[un]acceptable" that Vargas–Ramirez "ke[pt] entering illegally and disobeying our laws and endangering our citizenry" and reasonably determined that a sentence at the low end of the recommended guidelines range of 33 to 41 months of imprisonment was necessary to promote respect for the law, provide just punishment, deter Vargas–Ramirez from future similar conduct, and to protect the public. 18 U.S.C. § 3553(a)(2). Vargas–Ramirez argues that the district court gave undue deference to the sentencing range that resulted from enhancing his offense level by eight points for being deported after committing a shoplifting offense, *see* United States Sentencing Guidelines Manual § 2L1.2(b)(1)(c) (Nov.2011), but the district court took into account the enhancement by imposing a sentence at the low end instead of the high end of the sentencing range. The district court did not abuse its discretion when it sentenced Vargas–Ramirez to a term of 33 months, which was well below the statutory maximum penalty of 20 years of imprisonment.

We **AFFIRM** Vargas–Ramirez's sentence.